HANNAH FULTON *v.* H. and M. FULTON.

DOWER.—A bequest of a personal legacy by the husband to the wife, does not bar her claims for dower in his realty.

APPEAL from the Probate Court of Kemper county. Hon. W. G. Gill, judge.

The will of Samuel Fulton was proved in the Probate Court of Kemper county, at the October term, 1852.

On the 9th day of March, 1854, the appellant, the widow of said Samuel Fulton, filed her petition in said court, for dower in his lands.

The defence to the petition was:—

1. That the second clause of the will of the said Samuel Fulton, contained a pecuniary bequest to the petitioner, which she had not renounced.

2. That the intention of the testator, as expressed in the eleventh clause of his will, could not be carried out if the petitioner's claim of dower was allowed.

The second clause of the will of the testator was in the following words: "I do give and bequeath to my beloved wife, Hannah Fulton, one thousand dollars; also one horse, with saddle and bridle, worth one hundred dollars; also one good feather bed, with good and sufficient furniture."

The eleventh clause of the will of the testator was as follows: "All the balance of my estate, both real and personal, to be equally divided between my aforenamed children, viz: David, John, Samuel, Hiram, Madison, William, Green G., and Elizabeth."

The court "overruled and dismissed" the petition, "upon the ground that the petitioner was barred by the statute."

The error assigned is: That the court erred in dismissing said petition.

*George L. Potter* and *J. S. Hamon*, for appellants,

Cited Hutch. Code, 620, §§ 45, 46, 48; Ib. 621, § 1; *Church* v. *Bull*, 2 Denio, 430; 5 Hill, 206; 1 Bright, Hus. and Wife, 549, 550; *Sandford* v. *Jackson*, 10 Paige, 266; *Evans* v. *Webb*, 1 Yeates, 424; *Jackson* v. *Churchill*, 7 Cow. 287; *Adsit* v. *Adsit*, 2 Johns. Ch. R. 450.

*Freeman* and *Dixon*, for appellees,

Cited *Brisland* v. *Huett*, 11 S. & M. 168; *James and Wife* v. *Rowan*, 6 Ib. 401; Hutch. Code, 622.

FISHER, J., delivered the opinion of the court.

This was an application by the appellant to the Probate Court of Kemper county, for the allotment of dower in the lands of her deceased husband.  It appears that the petitioner received a legacy of personal estate under her husband's will, not having renounced the same; and the question for decision is, whether such legacy operates to defeat her claim to dower in the real estate; no devise of any part of the same having been made to her by the husband.

The statute on this subject, in our opinion, does not admit of that construction.  The legacy of personal estate can only operate to bar the widow's claim to dower, when it appears by the will itself, that such legacy is expressly given in lieu of dower.  Hutch. Code, 620, §§ 45, 46, 47, 48.

Decree reversed.  Decree for dower to be entered in the court below; and cause remanded.