made dangerous only by the carelessness and neglect of a fellow servant, although that fellow servant happened to be the foreman." See, also, Scott v. Sweeney, 34 Hun, 292; Beilfus v. N. Y., L. E. & W. Ry. Co., 29 id. 556; Faber v. Carlisle Manufacturing Co., 126 Pa. St. 388.

These authorities would seem to be decisive of this case. The broad doctrine that the master is liable for any act of a fellow servant which renders unsafe the place to which the plaintiff has been assigned to work is no longer maintainable. Suppose the foreman had been absent and one of the more experienced workmen had been moving this iron, can it be claimed, for a moment, that his negligence would be the negligence of the master? Suppose, by negligence, a workman allows his tool to fly and strike a fellow workman, can it be contended, for a moment, that his negligence is the negligence of the master in failing to secure a safe place to work? Within the authorities, I think, and, certainly, within the doctrine of the controlling cases in this state, the act of Hemmingway, although the foreman of the defendant, was an act rendered necessary in prosecuting the work in its detail, and the act was that of a fellow servant.

The judgment dismissing the complaint must, therefore, stand.

Motion denied.

---

MARY JANE GRAY, Individually and as Executrix, Plaintiff, v. WILLIAM H. GRAY, Jr., et al., Defendants.

(Supreme Court, New York Special Term, February, 1896.)

Will — Provision in lieu of dower — Effect of exchange of property.

Testator, by his will, gave to his widow, in lieu of dower, and in addition to other provisions made for her, the house in which they resided. The other provisions referred to gave her a life interest in one-sixth of the estate. Subsequent to the making of the will the house, so devised to the widow, was sold and conveyed by a deed in which she joined, and a more expensive house was purchased in its place. Held, that testator's intention to provide a home for the widow was defeated by such exchange, and that she was not entitled to take the substituted house, but only to dower therein to the amount received on the sale of the one so devised to her, and that if she elected to take under the provisions of the will she was not entitled to dower in any of the other real estate.

ACTION for construction of will.

The estate in question amounted to about $300,000, of which $250,000 or thereabouts was in real estate. The testator, by the third paragraph of his will, provides as follows: "I give and devise to my beloved wife, Mary Jane Gray, in lieu of dower and thirds and all right and interest in my estate (and in addition to the other and further provisions for her hereinafter made), the house and lot of land in which we now reside, and known by the present street number 130 West Eleventh street, in the city of New York, to her and to her heirs absolutely and forever." By the fourth paragraph of the will the executors are authorized to carry on the business in which the testator was engaged at the time of his death for a term of not exceeding two years. By the fifth paragraph of his will he devised all the remainder of his estate, after making certain minor specific bequests, to his executors, in trust, to receive the profits and to apply the same, " one-sixth thereof to and for my beloved wife, during her natural life." The remainder is devised for the benefit of his children.

Guggenheimer, Untermyer & Marshall (Samuel Untermyer, of counsel), for plaintiff.

Frank J. McBarron, John M. Lathrop and A. L. Jacobs, for defendants.

RUSSELL, J. This action having been tried at a Special Term of this court, held at the court house in the city of New York on the 23d day of October, 1895, the various parties appearing by their respective counsel, and their proofs and allegations having been duly heard and considered, judgment is directed as follows, namely:

First. The purpose of the testator to provide a home for his widow in the Eleventh street house failed by the sale thereof, in which the widow joined as doweress.

Second. No valid substitution of the Seventy-second street house was made for the benefit of the widow.

Third. The other provisions of the will in favor of the widow are effective, and she is entitled to the benefit thereof, if she elects to claim under the provisions of the will.

Fourth. She is entitled to dower in the real estate bought by the testator after the sale of the Eleventh street house to the amount of the purchase price received by him for the sale of the Eleventh street house.

Fifth. There is no undue suspension of the power of alienation to any party, and the terms of the will are valid, except as herein directed.

Sixth. The plaintiff is not entitled to dower in any of the real estate except as hereinabove indicated, in case she elects to receive under the provisions of the will.

Seventh. Judgment is directed accordingly, with costs to the parties appearing payable out of the estate.

The grounds upon which this decision is rendered are that the scheme of the will provided for a disposition of the entire estate freed from the claim of the widow for dower. The general purpose and scheme of the will remained in force at the death, except as to the Eleventh street house, which was disposed of with the consent of the widow, and the proceeds of the sale of that house were received by the testator; and, as the value of the Eleventh street house was not included in the division of his estate under the general purpose of his will, the widow's release of dower cannot be held to have been designed to apply to that portion which she was to receive absolutely. She, however, has a diminution of the value of her interest in the estate by the sale of the Eleventh street house, except as to the value of her dower interest in said Eleventh street house, which was designed as a home for her.

There is no separate share which is suspended in the power of alienation for more than two lives in being.

Ordered accordingly.