FLORENCE HILL, PLAINTIFF IN ERROR, v. CHARLES C. HILL, EXECUTOR OF EDWARD F. HILL, DECEASED, DEFENDANT IN ERROR.

Submitted July 11, 1898—Decided November 14, 1898.

1. A husband's will which devises and bequeaths real and personal property, not directly to his widow, but to an executor in trust to be invested on bond and mortgage and the interest to be paid to her for her natural life or during her widowhood, containing a clause expressing that the bequest is thereby made " to be by her received in lieu of her dower in my estate," does not fall under the operation of section

16 of our General Statutes, page 1278, respecting the filing of a written dissent by the widow, and her right to elect to take under such will is neither controlled nor affected by the statute.

2. On the trial of an action of ejectment brought by the executor against the widow to recover possession of land so devised it is sufficient, *prima facie*, for the plaintiff, in order to show an election by the widow to take under the will, to prove the delivery of possession to her of the personal property given her by the will, and the payment to and acceptance by her from the executor of money collected from a tenant for the rent of a portion of the devised premises, and the burden of proof then rests upon the defendant to establish either that she did not in fact accept such property at the hands of the executor, or, if she did, that she had not made her election between her dower and the bequest of her husband fairly and understandingly.

3. The judgment against the widow in the action at law will not estop her from obtaining, in a court of equity, relief from the consequences of such an election by her upon her rescinding and making compensation by restoring the property received by her, or upon other equitable terms, provided that this can be done without prejudice to the subsequently-acquired rights of others.

In ejectment.

Error to the Supreme Court assigned on the refusal of motion to nonsuit. Action of ejectment by executor against the widow to recover possession of the mansion-house. Plaintiff had judgment and defendant brings error. Tried before a justice of the Supreme Court sitting as a jury.

For the plaintiff in error, *Aaron V. Dawes.*

For the defendant in error, *Samuel G. Naar.*

The opinion of the court was delivered by

VREDENBURGH, J. The testator, by his will dated January 8th, 1897, after bequeathing to his wife (the defendant below) all the furniture and household goods in and about his house, and after making a trifling gift to his brother, devised and bequeathed to his brother all his real and personal property not above disposed of, by the following language, viz., "in trust, nevertheless, the same to be invested

as fast as realized on bond and mortgage on property worth double the value, the interest of which is to be paid to my wife, Florence Hill, for her own use and disposition during her natural life or during her widowhood. At her death, or if she shall again marry, the said interest shall be used at the discretion of said trustee for the support and education of my daughter, Edna May Hill, until she arrives at the age of twenty-one years, at which time the whole amount of said trust fund shall be paid to her; and in case my daughter shall die before my wife without leaving a child or children, or any descendant of any child or children, her surviving, then the trust fund is to be equally divided between my said wife and my brother, Charles C. Hill, or his heirs. The above bequest to my said wife is hereby made to be by her received in lieu of her dower in my estate."

By a subsequent clause testator appointed his brother executor and authorized him to sell and convey all the lands of which he, testator, should die seized. Under this will it is entirely clear that the statute respecting the filing of a written dissent by the widow (*Gen. Stat.*, *p.* 1278, § 16) had no operation, and the widow was bound to elect between its provision for her and her dower right. *Griggs* v. *Veghte*, 2 *Dick. Ch. Rep.* 179; and see cases collected in opinion of the Chancellor in *Helme* v. *Strater*, 7 *Id.* 599.

That the statute is without effect in this case is obvious for two reasons—*first*, because the will expresses the testator's intent that its provision for the wife is made in lieu of dower, and *second*, because the devise is not to the wife herself but to another in trust for her. *Vanarsdale* v. *Vanarsdale*, 2 *Dutcher* 404.

This was the construction placed upon this statute by the Supreme Court in 1857, for reasons given by that court which seem conclusive of its correctness, and it should remain undisturbed. It results that the only question before the trial court to be determined on the motion to nonsuit was whether the facts in evidence, *prima facie*, constituted an election by the widow to accept the provisions of the will in lieu and in-

stead of her dower. The executor had proved that, after the probate of the will and the personal effects of testator had been inventoried, the defendant had taken possession of them with his (the executor's) assent, and that he had also paid over to her the sum of $248 of rent collected by him from the tenant who occupied the saloon in which the testator had formerly conducted his business, adjoining the house in controversy. It seems to me that the burden of proof was then thrown upon the defendant to rebut the legal presumption arising from these facts that she had made her election. She had, upon her defence, the opportunity to prove that she had not in fact received or accepted the property or rent, or if she had that she had not fairly and understandingly made her election to take under the will, or that she had made it under a mistake of either law or fact.

The defendant is not estopped by the judgment against her from asking relief in a court of equity, upon equitable terms, in case her election to accept the provisions of the will was made under a mistake as to her rights, unless the situation has so changed since her election that it cannot be done without prejudice to the subsequently-acquired rights of others. *Macknet* v. *Macknet*, 2 *Stew. Eq.* 54.

In *Wake* v. *Wake*, 1 *Ves.* 335, a widow who was bound to elect between the provisions of her husband's will and her dower, and who had received a legacy and also an annuity under the will for three years, upon accounting for the legacy and what she had received from the annuity, was permitted to sustain her bill in equity for her dower. Courts of equity have advanced still further in the direction of relieving parties who hold rights superior to the will from the consequences of hasty or ill-advised acceptance of property given them by the will, and indeed from their election to take by the will, and have held that the doctrine of forfeiture will not be applied to such cases, but that the principle of compensation, as opposed to that of forfeiture, will be enforced. 1 *Jarm. Wills* (4th *Am. ed.*) 386.

In *Young* v. *Young*, 6 *Dick Ch. Rep.* 491, 502, Vice

Chancellor Pitney, in approving this equitable course, said (at *p.* 502) that "the doctrine of election is one resulting not in forfeiture but compensation, so that a party claiming under a will shall not claim against that will except upon condition of compensation for whatever he may have claimed under the will. In other words, he is permitted, after having claimed under a will, to claim against the will, if, out of the claim against the will, he will make compensation for what he has claimed under the will," and in the application of that principle to the case before him he allowed the claimant to acquire the land in question notwithstanding her receipt of the legacy, provided the legacy was returned with interest.

I have given prominence to this consideration of the equitable rights of the widow in the case at bar, notwithstanding the judgment at law against her, because of the inconclusive, not to say unsatisfactory, character of the evidence of the executor upon the subject of his explanations to her at the time he paid her this rent. But the failure of the plaintiff in error to overcome, by evidence, the legal presumption of her election, arising from her acceptance of the rent and property, under the circumstances, cannot be overlooked. Her retention of this property, given her by the will and delivered to her by the executor, without disaffirmance by her before suit brought, should be held to be evidence of her election sufficient, at least, to put her upon her defence, and upon this record we are forced to assume that proper opportunity was afforded her, before verdict rendered, to disprove, explain or avoid it.

This case, it seems to me, cannot be distinguished from that of *Davison* v. *Davison,* 3 *Gr.* 235, decided by the Supreme Court in the year 1836, and which has been recognized for so many years as the correct determination of the law upon the facts there presented. In that case, under the terms of a will closely similar to the present, the widow had accepted from the executor certain personal property and $30 in money, but had failed to execute the release of dower referred to by the will and promised by her, and

instead had brought suit at law demanding her dower. She had a verdict at the Circuit, but in the Supreme Court, upon a rule to show cause, the verdict was set aside, and that court held that the trial justice should have left it to the jury to say whether the demandant had in fact and understandingly elected to take what her husband had given her in lieu of dower, ".and whether she had actually accepted of the same at the hands of the executor, and to have instructed the jury that if she had done so they ought to find for the defendant." As the case at bar was presented to the trial justice sitting as a jury, I think the nonsuit was properly refused, and the plaintiff was entitled to the judgment awarded him in the Supreme Court.

MAGIE, CHIEF JUSTICE (dissenting).   I am constrained to vote to reverse the judgment in this cause, upon the ground that there was no evidence before the judge who tried the issue of fact without a jury, justifying his finding in favor of the defendant in error.

Defendant in error claimed possession of land as devisee of Edward F. Hill, deceased.

Plaintiff was the widow of said deceased, and the disputed land was his " mansion-house " within the accepted meaning of our Dower act.

Dower had not been assigned to her.

The provisions of section 16 of the Dower act were not applicable, because no lands were devised by the will to the widow.

But there were provisions in the will which it expressly declared were to be in lieu of dower.

The contention at the trial was that plaintiff in error had accepted those provisions and thereby elected to take them instead of her dower.   An election to accept the provisions of a will expressly made as in lieu of dower will doubtless operate to deprive the widow of her right to dower.

Whether evidence of such an election is admissible in an action at law to defeat the possession of a widow acquired by

the death of the husband in lands of which he died seized, was a question not raised or argued in this case.

Admitting that such evidence might be properly used to defeat a title by dower in an action at law, it should be sufficient to establish an election between the two inconsistent rights, viz., that under the will and that by dower.

Election may be established by proof that a choice was expressly made and declared or by proof of acts from which a choice may be inferred. But to justify such an inference it must appear that the acts relied on were done with a knowledge of the right to elect and under circumstances indicative of an intelligent choice. *Young* v. *Young*, 6 *Dick. Ch. Rep.* 491, and cases cited.

There was no proof of any express election on the part of plaintiff in error.

In my judgment, there was no proof from which election could be inferred. It was not made to appear that the widow knew of the will of her husband or that it contained provisions in her favor which were declared to be in lieu of her dower. In the absence of such knowledge no act of the widow could indicate election.

Assuming her to have been charged with some knowledge of her husband's will, the only acts done by her fail to show any intelligent choice on her part. She took certain goods belonging to deceased but it appears she selected them from the household goods, as the statute permitted her to do, for the benefit of the family, and it does not appear that the value of them exceeded the amount limited by that statute. This was an act not under, but in opposition, to the will. She received money paid to her by defendant in error with no statement or explanation by him except that it was "for rent." It was not made to appear that she knew that the money was rent of the deceased's real estate collected by defendant in error under the authority of the will.

I think the trial judge drew inferences which were unwarranted by the evidence.

*For affirmance*—COLLINS, DIXON, GARRISON, LIPPIN-COTT, LUDLOW, VAN SYCKEL, ADAMS, BOGERT, HEN-DRICKSON, NIXON, VREDENBURGH. 11.

*For reversal*—THE CHANCELLOR. CHIEF JUSTICE, DEPUE. 3.