HORSTMANN v. FLEGE et al.

(Supreme Court, Appellate Division, Second Department. May 31, 1901.)

1. WILLS—BEQUEST IN LIEU OF DOWER—ELECTION.

     A will giving an annuity to the widow of testator, which does not state that it is in lieu of dower, does not require the widow to elect between the dower or bequest, but she is entitled to both, unless it will defeat the general scheme expressed in the will.

2. SAME.

     A will devising real estate to certain persons, but charging it with an annuity to testator's wife, but which does not state that it is in lieu of dower, does not require the widow to elect between the annuity and the dower.

Appeal from special term, Queens county.

Action by Elizabeth Horstmann against Amelia Flege and others for the admeasurement of dower. From a judgment of the trial term of the supreme court in favor of plaintiff (66 N. Y. Supp. 446), defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

Edward L. Frost, for appellants.

Edward T. Horwill, for respondent.

JENKS, J. The testator did not write apt words that the annuities were to be in lieu of dower. Before the widow can be put to election, it must be demonstrated from the face of the will that to uphold both dower and the annuities is to disturb other provisions of the manifest scheme. Konvalinka v. Schlegel, 104 N. Y. 125, 129, 9 N. E. 868, 58 Am. Rep. 494. The gift of the annuity is not sufficient to put her to her election. Story, Eq. Jur. 1088; 2 Scrib. Dower (2d Ed.) pp. 461, 462; Adsit v. Adsit, 2 Johns. Ch. 448, 7 Am. Dec. 539; Fuller v. Yates, 8 Paige, 325; Konvalinka v. Schlegel, supra. The question, then, is whether the provision for the annuity disturbs or defeats the scheme of the will. There are no trusts created, but different pieces of realty are devised in fee, subject to the payment of the annuities. These annuities are not some specific part of the income or profits of the land, nor are they made contingent upon the receipt of rents or profits therefrom. I think that the reasoning in Gifford v. Rising, 51 Hun, 1, 3 N. Y. Supp. 392, is in point; and in that case the court, per Haight, J., held that, irrespective of income or of profits, an action would lie to enforce the payment of the annuity. The cases cited by the learned counsel for the appellants may be distinguished. The quotation made by him as from Adsit v. Adsit, supra, "As an annuitant, the widow must be out of possession of the whole land, and, as dowress, she must be in possession of part," is not from the opinion of Chancellor Kent in that case, but is the chancellor's summary of the reasons that impelled Lord Camden, C., to make the decision in Villareal v. Galway, Amb. 682. I may state, passim, that examination of the case last named shows that Lord Camden held that Arnold v. Kempstead, Amb. 466, controlled. But

in Arnold v. Kempstead, supra, the charge was upon the rents and profits of the estate. The opinion in Adsit v. Adsit, supra, contains a discussion of many decisions; and the chancellor, after reviewing the earlier cases (among them, Villareal v. Galway, supra, and Arnold v. Kempstead, supra), and pointing out that the chancellors had not been in accord, says, "In the subsequent cases it would appear, however, that even this doctrine of holding the wife barred by an annuity charged upon the real estate is questioned and shaken, and finally overruled." Page 456, 2 Johns. Ch., and page 545, 7 Am. Dec. As to the other authorities cited, in Savage v. Burnham, 17 N. Y. 561, the testator left all of his estate to trustees, and the widow was to receive one-third of all the rents and profits thereof; in Tobias v. Ketchum, 32 N. Y. 319, the widow was to receive one-third of the net income of all the estate; and in Asche v. Asche, 113 N. Y. 232, 21 N. E. 70, there was a trust in the executors, and a direction to pay a part of the income to the widow. I am of opinion that the widow is entitled to her dower and to the annuities.

The testimony offered by the defendant Mrs. Flege and by her husband to show that there was an assignment of dower out of the premises devised to her, and an acceptance and possession thereunder, is contradicted by the plaintiff, and is, in any event, entirely too vague and indefinite to establish the fact. In Aikman v. Harsell, 98 N. Y. 186, the court say, "To constitute an assignment or admeasurement of dower by virtue of any agreement or any specific act of the party, it should be clearly manifest that such was the intention." There was no admeasurement. There is no proof of any agreement made by the plaintiff, or of any act done by her that is sufficient to warrant the inference that she intended to relinquish her dower rights.

The judgment should be affirmed, with costs. All concur.