Argued at Pendleton May 4, reversed July 12, rehearing denied September 13, 1921.

## McDERMID v. BOURHILL.

(199 Pac. 610.)

**Reformation of Instruments—"Will" Unchangeable After Testator's Death.**

1. A will, which is the instrument by which a person makes a disposition of his property to take effect after his death, is unchangeable after the testator's death, and cannot be reformed as a contract or deed.

**Wills—The Right to Devise Property, as Well as the Right to Take the Same by Devise, is Controlled by Law.**

2. The right to devise property is controlled by law just as the right to take property by devise or descent is a creature of the law, and not a natural right.

**Wills—"Election" to Take or Reject Defined.**

3. "Election" is a choice which a person must make between the acceptance of a benefit under some instrument, as a will, and the re-

---

1. Jurisdiction of equity to reform wills, see notes in 66 **Am. Dec.** 633; 15 **Ann. Cas.** 141; Ann Cas. 1917D, 1157.

3. The question as to what constitutes election to take under or against will is discussed in a note in 49 **L. R. A. (N. S.)** 1072.

tention of some property already his own which the same instrument purports to dispose of to another.

**Dower—Husband cannot by Will Defeat Widow's Dower.**

4. The right of dower being an estate which, under Sections 10053, 10092, Or. L., vests in the wife immediately on the death of her husband, and over which he can exercise no control, the husband cannot by will defeat the wife's right of dower.

**Wills—Gift to Widow of Income for Life Held not to Defeat Right of Dower.**

5. Where a husband devised his personal property to his wife and his real property to a trustee, with a direction that the income should be paid to the wife for life, and it further appeared that the will contained utterly no provision requiring the wife to waive her dower on accepting the benefit of the will, the benefits given by the will cannot be deemed in lieu of dower, and the widow may accept the provision made, and, at the same time, claim dower.

From Sherman: D. R. Parker, Judge.

In Banc.

This case involves the construction of paragraphs Three and Four of the will of John D. McDermid, deceased, reading as follows:

"Three: After the payment of my just debts and funeral expenses as aforesaid, including expenses for monument and including necessary expenses to be incurred in the administration of my estate, I give, devise and bequeath all of the rest and remainder of the personal property of which I may die possessed, or may be entitled to at the time of my death, unto my beloved wife, Eliza J. McDermid, for her sole use and benefit.

"Four: I give, devise and bequeath unto George B. Bourhill of Moro, Oregon, as trustee, and to be disposed of by him as hereinafter directed, all of the real estate of which I may be seized or possessed at the time of my death, and wheresoever the same may be situated, the same to be held and managed by the said trustee, and all of the net income therefrom to be paid by the said trustee to my said wife, Eliza J. McDermid, during the time she may live, and that upon her death the said trustee shall, as soon thereafter

as may be practicable, sell and dispose of all of said real estate upon such terms and conditions as he may consider to be most advantageous and beneficial, and out of the proceeds arising from said sale, my said trustee is hereby directed to dispose of the same as follows: * * "

. Then follow various bequests to nephews, nieces, a brother, a sister, grandchildren of deceased sisters, and to the Board of Trustees of the Presbyterian Church of Moro, Oregon.

Plaintiff herein, the widow of deceased, filed a petition in the County Court for assignment of her dower. The defendant appeared in that case and denied the widow's right to dower. The County Court dismissed the proceedings upon the ground that it was without jurisdiction under the provisions of Section 10060, Or. L., because of the fact that the widow's right to dower was disputed by a devisee.

Thereafter, the plaintiff instituted proceedings in the Circuit Court of Sherman County for the assignment of her dower, and as a result of that trial, the court found, among other things:

"That by the terms of said will, the testator devised all of said real estate to the defendant as trustee, to be held and managed by him and to turn over and pay the net income therefrom to his widow, the plaintiff herein, and at her death to sell and convey the same and distribute the proceeds thereof as in said will directed. That said will further provides that the plaintiff, as the widow of the testator, shall receive all of the personal property belonging to his estate after the payment of testator's debts and funeral expenses, including expenses for a monument and costs of administration upon his estate; that after the payment of said debts, funeral expenses, expenses for monument, and costs of administration, there will remain in the hands of the executor of said estate for

distribution to the plaintiff, personal property of the approximate value of $10,000.

"The defendant disputes and denies the plaintiff's right, as the widow of the testator, to enjoy the provisions of said will and at the same time be endowed with the lands of the testator, and contends that it does not plainly appear by said will to have been the intention of the testator that she should enjoy both, and that she should be put to an election.

"That it does not plainly appear by said will to have been the intention of the testator that plaintiff herein should have both the provisions of said will and be endowed with her husband's lands, but on the contrary, it plainly appears that it was not the intention of said testator that she should enjoy both."

As conclusions of law from the foregoing facts, the court found:

"That the equities of the case are in favor of the defendant and against the plaintiff,"

and decreed that plaintiff's complaint be dismissed.

For the purposes of appeal, the following constitute assignments of error:

"In finding of fact numbered IX, and in finding that it does not appear by said will to have been the intention of the testator that plaintiff should have both the provisions of said will and be endowed with her husband's lands, and in finding that it plainly appears that it was not the intention of said testator that she should enjoy both, and erred in not finding that it plainly appears by the will to have been intended by the testator that his widow is entitled to both dower and the provisions made for her by the will of the deceased.

"In not finding and concluding that the decree in said cause should be in favor of the plaintiff * * .

"In the decree dismissing said cause * * ."

REVERSED.   REHEARING DENIED.

For appellant there was a brief over the name of *Mr. W. H. Wilson,* with oral arguments by *Mr. Wilson* and *Mr. R. C. Bradshaw.*

For respondent there was a brief and oral arguments by *Mr. William A. Carter* and *Mr. W. C. Bryant.*

BROWN, J.—John D. McDermid died in Multnomah County, Oregon, on February 21, 1920. His sole surviving heir at law was his widow, Eliza J. McDermid. He was an old resident of Sherman County, Oregon, and was an inhabitant of that county at the time of his decease. During his lifetime he was a man of thrift and accumulated a valuable estate. At the time of his death he was the owner of more than 1,600 acres of fertile wheat lands situate in the county of his habitation, personal property of the value of $20,000, and his indebtedness did not exceed $1,000. About the time he left his home in Sherman County for Portland, Oregon, to secure medical aid, he caused a will to be drafted by an attorney in his home county. That will nominated George B. Bourhill as executor and Eliza J. McDermid, wife of testator, as executrix, and contained the following provision:

"It is expressly understood and intended that this devise to my said wife is made in lieu of any and all dower rights which she would under the law have in my said real property, and that she shall make no claim to any dower interest or other rights in my said real property, it being my will and intention that my said wife shall have a life interest only in said real estate."

By his order, this will was forwarded to Portland and was read to him there. He refused to make the will, as drafted, his testament, and soon thereafter

caused a will to be prepared which omitted all reference to his wife's dower, and which named Bourhill as the sole executor of his estate. This will, containing clauses Three and Four referred to in the statement herein, testator executed on September 6, 1919, and it was admitted to probate on March 11, 1920. Bourhill, who for more than a quarter of a century had been an intimate acquaintance and a trusted friend of deceased, was also appointed trustee by paragraph IV of the will. He was said to be a skilled agriculturist, and it appears that the testator was anxious that the valuable farm lands he was leaving as property of his estate, should be properly cared for. He wished to relieve his widow of the cares, responsibilities and burdens of carrying on the farm, and hoped that she would find in Bourhill a counselor, guide and friend.

The record leads us to believe that the executor willingly and energetically undertook to perform his trust. Testator died Saturday evening. On the following Monday morning Bourhill called upon the widow at her apartments at a hotel in Portland and advised her that he had in his possession the will of her deceased husband, stating that he would read the same to her or she could read it herself. The widow testified, in reference to this call of Mr. Bourhill:

"He made the remark that he thought it was a very just will and says: 'You can either take that or you can get nothing but your dower.' * * "

Concerning a succeeding call, she testified:

"He came down the first of March * * and demanded the papers from me. I wanted to keep them to look them over and he said if I didn't give them up he would send the sheriff. I went and turned them over to him.

"Q. Was there any further talk between you?

"A. He said that my husband would have been a great deal richer man if it hadn't been for me.

"Q. What caused him to make that remark? Did you say anything to provoke it?

"A. I was astonished when he said that. I said: 'Mr. Bourhill, since I have been here and farming the ranch I worked from 4 o'clock in the morning until 10 o'clock at night and provided for the table.' And he said: 'What you did didn't amount to anything.' * * ."

She testified that Bourhill at no time conferred with her, nor did he go to see her or have anything to do with her from the time he threatened her with the sheriff, until she sent for him on the 15th of January thereafter; that she often saw him about the premises when he came for the purpose of conferring with the tenants. She further testified that Bourhill had caused her husband's nephews, who were residents and renters on the property, to become estranged from her.

From this it will be seen that Mr. Bourhill's tenure as executor and trustee does not seem to have been a happy one. Resting upon his power under the will, he failed to call upon the plaintiff for the purpose of conferring with her concerning the management of the property, or otherwise, notwithstanding she was the widow of his testator, the legatee of all the personal property, and the devisee of the net income from the real property of the estate.

In reading the record, we are impressed by the fact that much of the evidence offered at the trial in the court below was inadmissible in this cause. This is not an application to remove Mr. Bourhill, either as executor or as trustee.

1. That a will is not only one of the most intricate, but one of the most important of legal documents as well, is evidenced by the number of reported cases involving their interpretation, construction and validity. A man may make a deed or other written instrument and it may be reformed or set aside on equitable grounds; but a will is unchangeable after the testator's death: Thompson on Wills, § 12.

"A will is an instrument by which a person makes a disposition of his property to take effect after his death: *Noble* v. *Fickes,* 230 Ill. 594 (82 N. E. 950, 951, 12 Ann. Cas. 282, 13 L. R. A. (N. S.) 1203) (citing 1 Jarman, Wills, 26; Schouler, Wills, p. 1; 1 Redf. Wills (4 ed.) c. 2, § 2, par. 1; *Robinson* v. *Brewster,* 140 Ill. 649, 30 N. E. 683, 33 Am. St. Rep. 265)." Words & Phrases, Second Series, p. 1289.

An apt and ancient definition of the term "will," that has been handed down to us, is:

"The legal declaration of a man's intentions, which he wills to be performed after his death." 1 Commentaries on Wills, Alexander, § 22.

2. The right of John D. McDermid to devise his property is controlled by law. It has been definitely settled that the right to take property by devise or descent is the creature of the law, and not a natural right: *Magoun* v. *Bank,* 170 U. S. 283 (42 L. Ed. 1037, 18 Sup. Ct. Rep. 594); *United States* v. *Perkins,* 163 U. S. 625 (41 L. Ed. 287, 16 Sup. Ct. Rep. 1073); *Carpenter* v. *Pennsylvania,* 17 How. (U. S.) 456 (15 L. Ed. 127); *Knowlton* v. *Moore,* 178 U. S. 41 (44 L. Ed. 969, 20 Sup. Ct. Rep. 747), and extensive list of cases collected in note found in 9 Ann. Cas. 711.

It has been stated that:

"In most jurisdictions in the United States, it is apprehended, the capacity to make a will, whether

of real estate or personalty, depends entirely on statute. The legislature has plenary power to withhold or grant the right, and if it grants it, it may make its exercise subject to such regulations and requirements as it pleases." 40 Cyc. 997.

3–5. The Oregon Code provides that:

"Every person of twenty-one years of age and upwards of sound mind may, by last will, devise all his estate, real and personal, *saving to the widow her dower.*" Or. L., § 10092.

In the light of the language of the foregoing section, it will not be presumed that a testator, in devising his real property to a trustee, intends to convey his wife's dower, by mere silence in reference thereto. The law of Oregon governs in the construction and interpretation of the meaning and intention of the testator as expressed in his will.

"Where a husband devises or bequeaths property to his wife, the question arises, whether she must elect between this benefit and her dower, or whether she is entitled to claim both her dower and the testamentary gift. This is by far the most important and frequent aspect in which the doctrine of election has come before the American courts * * ." Pomeroy, § 492.

As used in wills, the word "election" is defined thus:

"Election is a choice which a person must make between the acceptance of a benefit under an instrument, and the retention of some property already his own which the same instrument purports to dispose of to another: Bispham's Equity (4 ed.), 295; Story's Equity, 1075; 1 Pomeroy's Equity, 395." The law of Wills, Beach, § 154.

It has been written by eminent authority, that:

"However positive and absolute the testator's language of donation, the court will, if possible, read it as meaning: 'I devise and bequeath all my interest in the land subject to my wife's dower right.' Citing, among other authorities under note 5, *Dowson* v. *Bell,* 1 Keen, 761; *Harrison* v. *Harrison,* 1 Keen, 765; *Holdich* v. *Holdich,* 2 Younge & C. 18, 23; *Parker* v. *Sowerby,* 4 De Gex, M. & G. 321, and cases cited; *Thompson* v. *Burra,* L. R. 16 Eq. 592; *Roberts* v. *Smith,* 1 Sim. & St. 513; *Roadley* v. *Dixon,* 3 Russ. 192, 200, 201; *Villa Real* v. *Lord Galway,* 1 Brown Ch. 292, note. * * Such is the rule in England and in the states where the common law dower, or an interest of the wife analogous thereto, exists." 1 Pomeroy, § 493.

A well-established legal proposition is:

"Inasmuch as the testator is presumed not to have intended to dispose of a larger interest in the subject of devise than was properly his own, a widow who accepts a provision under her husband's will is not required to relinquish her dower, unless, either from express statement or necessary inference, the provision for her is clearly intended to be in lieu of dower, or the terms in which the lands have been devised are clearly and manifestly repugnant to the assertion of her dower right in them." The Law of Wills, Beach, § 157. Citing *Konvalinka* v. *Schlegel,* 104 N. Y. 125 (9 N. E. 868, 58 Am. Rep. 474); S. C., 5 Am. Prob. Rep. 310; *Estate of Gotzian,* 34 Minn. 159 (24 N. W. 920, 57 Am. Rep. 43); S. C., 5 Am. Prob. Rep. 418, 421; *In re Frazer,* 92 N. Y. 239; *Higginbotham* v. *Cornwell,* 8 Gratt. (Va.) 83 (56 Am. Dec. 130); *Fulton* v. *Fulton,* 30 Miss. 586; *Braxton* v. *Freeman,* 6 Rich. (S. C.) 35 (57 Am. Dec. 775); *Lord* v. *Lord,* 23 Conn. 327; *Palmer* v. *Voorhis,* 35 Barb. (N. Y.) 479; *Dodge* v. *Dodge,* 31 Barb. (N. Y.) 413; *Savage* v. *Burnham,* 17 N. Y. 561, 571; *Bull* v. *Church,* 5 Hill (N. Y.), 206; *Parker* v. *Sowerby,* 4 De Gex, M. & G. 321; *Norris* v. *Clark,* 10 N. J. Eq. 51; *Tracey*

v. *Shumate,* 22 W. Va. 474–499; *Burkhalter* v. *Burk-halter,* 88 Ind. 368; *Shaw* v. *Shaw,* 2 Dana (Ky.), 342; *Kennedy* v. *Nedrow,* 1 Dall. 414 (1 L. Ed. 202); *Lar-rabee* v. *Van Alstine,* 1 Johns. (N. Y.) 307 (3 Am. Dec. 333); *Ambler* v. *Norton,* 4 Hen. & M. 23.

The leading case of *Adsit* v. *Adsit,* 2 Johns. Ch. (N. Y.) 448 (7 Am. Dec. 539), is directly in point upon the question as to whether a pecuniary legacy to the testator's wife should be held to be in lieu of dower unless it is so expressed in the will. The opinion of the court was delivered by Chancellor KENT, who wrote:

"The legacy is not declared, by any express words in the will, to be in lieu of dower. The inquiry, then, is whether such an intention in the testator is to be collected by clear and manifest implication from the provisions in the will. To enable us to deduce such an implied intention, the claim of dower must be inconsistent with the will, and repugnant to its dispositions, or some of them. It must, in fact, disturb or disappoint the will. This appears to be the result of an historical review of the cases upon this greatly agitated subject. According to this test, the defendant is entitled to her dower as well as to the legacy; for every bequest can take effect, and every disposition of the will be fulfilled, consistently with the operation of the claim of dower. The direction given in the will, to sell the farm, is not, of itself, a circumstance that is to alter this construction; for it is well understood that the purchaser takes the estate subject to that claim. The title to dower is paramount to the testator's title, and he has no control over it. All the cases, however irreconcilable they may be in other respects, agree in this, that a devise of the lands to trustees to sell, or a direction to the executors to sell, is to pass the estate subject to dower. There is no inconsistency between the execution of such a power and the claim of dower."

The case of *Adsit* v. *Adsit, supra,* was cited as a leading case in *Horstmann* v. *Flege,* 172 N. Y. 381 (65 N. E. 202), affirming 61 App. Div. 518 (70 N. Y. Supp. 596), holding widow not put to election by gift of annuity charged upon land, also holding widow not put to an election in case of reasonable doubt of testator's intention: *In re Hatch,* 62 Vt. 300 (18 Atl. 814, 22 Am. St. Rep. 109), holding dower not barred by devise to widow of part of residue of estate; *Tooke* v. *Hardeman,* 7 Ga. 20, holding widow not put to election unless testamentary provision expressly in lieu of dower; *Pratt* v. *Douglas,* 38 N. J. Eq. 516, holding widow not put to election unless dower inconsistent with testamentary provision; *Clark* v. *Griffith,* 4 Iowa, 405, holding widow not put to election unless the will clearly intends it; *Leonard* v. *Steele,* 4 Barb. (N. Y.) 20, holding devise subject to dower presumed in absence of expression of intention by gift of part of estate to one and balance to widow; *Van Arsdale* v. *Van Arsdale,* 26 N. J. L. 404, holding devise to widow no bar to dower in land as to which husband died intestate; and many other cases found in 1 Notes on American Decisions, pages 1257, 1259.

In the leading case of *Church* v. *Bull,* 2 Denio (N. Y.), 430 (43 Am. Dec. 754), it was held that:

"The widow will not be forced to an election between her right to dower and testamentary dispositions in her favor, unless the testator has declared the same to be in lieu of dower, either expressly or by necessary implication. When the testator's intention is doubtful, no election need be made. ·

"The provisions of a will must be so totally inconsistent with the widow's claim of dower as to defeat the testator's intention in relation to other dispositions of his property, before an election by the widow will be compelled."

The court, speaking through Chancellor WALWORTH, approved the following:

"Lord Bacon stated, nearly two hundred and fifty years since: 'The tenant in dower was so much favored in the courts that at that early period it had become the common byword in the law, that the law favoreth three things,—life, liberty, and dower.'" Bac. Read. on the Stat. of Uses, 38; Jenk. 7 Cent. Cas. 16.

Life, liberty, and the right to dower in the lands of her deceased husband given by statute to the widow are rights that are still dear to the law.

The rule enunciated by Chancellor WALWORTH in *Church* v. *Bull, supra,* is recognized authority upon the subject of election, and the doctrine therein laid down has been followed and approved in *Morrison* v. *Bowman,* 29 Cal. 348; *Lewis* v. *Smith,* 9 N. Y. 512 (61 Am. Dec. 706); *Sully* v. *Nebergall,* 30 Iowa, 339; *Beale* v. *Miller,* 3 Thomp. & C. (N. Y.) 571, 1 Hun, 398; *Leonard* v. *Steele,* 4 Barb. (N. Y.) 22; *Lasher* v. *Lasher,* 13 Barb. (N. Y.) 109; *Havens* v. *Sackett,* 15 N. Y. 372.

From the case of *Closs* v. *Elbert,* 30 App. Dec. 338 (51 N. Y. Supp. 881), we quote the following:

"The testator has no authority over the dower right of his wife. * * "

From *In re Shield's Estate,* 68 Misc. Rep. 264 (124 N. Y. Supp. 1003), a case quite similar to the one at bar, we carve the following excerpts:

"The will gave the widow all the decedent's personal estate, 'to use and enjoy the same and all income therefrom during her natural life.' It devised all of the real estate to the executors under a perfect trust to dispose of the income and ultimately the principal, for the benefit of persons other than the widow.

It contained a direction to the trustees to sell or rent the real estate; this was supplemented by a power in the executors to sell the mortgage or part of the real estate for the purpose of paying off mortgages, etc. The will contained no direction that the provision therein in favor of the widow should be in lieu of her dower. * *

"The mere creation of a trust for the sale of real property and its distribution is not inconsistent with the existence of a dower interest in the same property. There is no legal difficulty in the trustee's executing the power of sale, but the sale will necessarily be subject to the widow's right of dower as it would be subject to any outstanding interest in a third person, paramount to that of the trustee."

There is a valuable discussion in 1 Pomeroy's Equity Jurisprudence (4 ed.), Sections 492 to 505, incl., of the different conditions of fact under which the necessity of a widow's election may arise, and the various rules which the courts have adopted applicable thereto.

The great weight of common-law authority is to the effect that to compel a widow to elect between the testamentary dispositions in her favor and her right to dower, it is necessary for the testator to have manifested his intention in express terms, or by such clear and necessary implication that if the claim to dower is allowed the testator's intention in relation to some part of the property disposed of will be defeated.

In determining the question as to whether plaintiff is entitled to the legacy provided by her husband's testament, together with dower in his lands, that the law of the State of Oregon gives her, it is the duty of the court to take this will by its four corners and gather from its body the meaning of John D. McDermid. As this court said in the case of *Gildersleeve*

v. *Lee,* decided May 31, 1921, and reported in 100 Or. 578 (198 Pac. 246), which cause involved the construction of the will of Pearl D. Gildersleeve:

"It is the *expressed* intention of the testatrix, that which her will imports, and not any conjectural intention of herself outside of the will, which might or might not be capable of demonstration, that the court relies upon; and, having ascertained that expressed intention to its satisfaction, the tribunal investigates no further. Its conclusion may give words their technical or literal import, or may not; it may give expressions their ordinary and grammatical sense, or may not; but the meaning settled upon, if settled intelligibly, is that which the words and language of the whole will, properly interpreted, convey *per se:* Schouler, Wills and Administration, § 571 and note 1; 40 Cyc., pp. 1389, 1390."

The statute provides that:

"If any lands be devised to a woman, or other provision be made for her in the will of her husband, she shall make her election whether she will take the land so devised or the provision so made, or whether she will be endowed by the lands of her husband; but she shall not be entitled to both unless it plainly appears by the will to have been so intended by the testator." Or. L., § 10070.

From a careful analysis of all the provisions of the last will and testament of the testator, it plainly appears to be his expressed will that his wife shall enjoy the income from the lands of his estate during her lifetime, together with her statutory right to dower therein. Both the common law and statutory tests have been met.

The testator expressed his intention to devise to George B. Bourhill, as trustee, all of his estate in said lands. There is no suggestion contained in the lan-

guage of the devise, that he willed to the trustee that which the law saves to the widow.

The right of dower being an estate which vests in the wife immediately on the death of her husband, over which he can exercise no control, either by will or otherwise, it follows that no provision which he can make in his will can of itself defeat the claim of dower: Sections 10053, 10092, Or. L.

Testator made no provision in his will that can fairly be said to have been made in lieu of dower. What language of the will, which conveys a gift, bars the widow of her dower on acceptance of such gift? The will contains no language of exclusion. The gift of the income of all his real property to his wife during her lifetime, does not defeat the right the law gives her.

When the widow of testator comes into court and makes a claim of dower, she asks for the assignment of her own property only. She seeks by lawful means to secure that which is her own. John D. McDermid did not will to Eliza J. McDermid her dower. The law, enacted by the legislative power of the state of Oregon, gave it to her. It is her exclusive property. It has been many times held that:

"A gift to the widow of the income of property to be managed by a trustee is not generally to be considered as in lieu of her dower or statutory rights in the testator's estate * * : *Kinsey* v. *Woodward,* 3 Harr. (Del.) 459; *Hill* v. *Hill,* 62 N. J. L. 442 (41 Atl. 943); *Van Arsdale* v. *Van Arsdale,* 26 N. J. L. 404; *Colgate* v. *Colgate,* 23 N. J. Eq. 372; *Gray* v. *Gray,* 5 N. Y. App. Div. 132 (39 N. Y. Supp. 57), 16 Misc. Rep. 226; *Conner* v. *Watson,* 1 N. Y. App. Div. 54 (37 N. Y. Supp. 71); *In re Smith,* 1 Misc. Rep. (N. Y.) 269 (22 N. Y. Supp. 1067); *Sanford* v. *Jackson,* 10 Paige (N. Y.), 266; *Fuller* v. *Yates,* 8 Paige

(N. Y.), 325; *Wood* v. *Wood,* 5 Paige (N. Y.), 596
(28 Am. Dec. 451).''    40 Cyc. 1967.

Our construction of the will of the testator does not
disturb or disappoint the provisions of that document
in holding that the plaintiff is entitled to dower, as
well as to the legacy.   She can claim her dower, and
the bequest made to her take effect, and every dispo-
sition of the will be fulfilled, consistently with the
operation of the claim of dower.   The various be-
quests to nephews, nieces, brother, sister, grandchil-
dren of deceased sisters, and to the Board of Trus-
tees of the Presbyterian Church of Moro, Oregon,
are not affected in the least.   These bequests are
not to be paid until the real property of the estate
is sold following the widow's death.   Neither the time
of the payment nor the amount thereof is affected.
The only possible effect would be to deprive the trus-
tee of the management of the lands assigned to the
widow as her dower, and he testified, in substance,
that if the widow secured her dower it would cause
no loss to him.   He should know.

There is no question arising in relation to the prin-
ciple of compensation to beneficiaries who have been
disappointed because of the action of the plaintiff in
claiming her dower.

It is the opinion of the court that the widow is en-
titled to her dower, as well as to the legacy.   This
case is reversed and remanded for further proceed-
ings consistent with this opinion.

     Reversed and Remanded.    Rehearing Denied.

Benson, J., not sitting.