Argued November 21, 1946; affirmed February 4, 1947

# UNITED STATES NATIONAL BANK OF PORT-
# LAND v. DANIELS ET AL.

(177 P. (2d) 246)

*Vernon J. Veron,* of Portland (with Hampson, Koerner, Young & Swett, Andrew Koerner, all of Portland, on brief), for appellant.

*A. E. Clark* (Clark & Clark, Leslie S. Parker, all of Portland, on brief), for defendants-respondents.

*Wilber Henderson* (Platt, Henderson, Warner, Cram & Dickinson, all of Portland, on brief), for plaintiffs-respondents.

BELT, J.

This is a suit commenced by the United States National Bank, as trustee and executor under the will of William N. Daniels, deceased, to obtain a judicial declaration as to whether the appellant, Bessie M. Daniels, the widow of testator, is entitled to take under the provisions of his will in addition to her statutory right of dower, or whether she is obliged to make an election. The widow asserts that she is not required to elect, but is entitled to take under the will and also to retain her right of dower. The respondent beneficiaries, John Quincy Adams Daniels and Patsy Daniels, nephew and grandniece, respectively, of the testator, contend that the widow is not entitled to her right of dower and also to the benefits under the will. The circuit court required an election.

William N. Daniels died testate in Multnomah county, Oregon, on August 1, 1944, leaving an estate of an appraised value of $325,674.54. The real property in Oregon owned by decedent at the time of his death has an appraised value of $102,729.84.

The will in question was executed on August 6, 1943, and was duly admitted to probate. We think

the following summarized statement as to the disposition of testator's estate is sufficient for consideration of the legal question for decision. Decedent in his will (1) bequeathed his personal effects and household furniture to his widow; (2) bequeathed $1,000 to each employee of the La Grande Creamery who had been so employed for fifteen years prior to his death; (3) directed his executor to pay his sister-in-law $200 monthly during her lifetime; (4) authorized his executor to sell any mercantile business which he owned and also his farms, together with the stock and equipment thereon, and directed that the proceeds of such sale—after payment of debts and expenses of administration—be distributed as follows: (a) one-third to his widow, (b) one-third to his nephew (respondent John Q. A. Daniels), and (c) one-third to his grandniece (respondent Patsy Daniels); (5) devised and bequeathed the residue of his property to the United States National Bank, as trustee, with directions to distribute $200 of the income of such trust property monthly to the above mentioned sister-in-law, (a) one-third of the remainder of such income to his widow, (b) one-third thereof to his nephew, and (c) one-third thereof to his grandniece. Testator directed that on termination of the trust the property should be thus distributed: (a) one-third to the widow, (b) one-third to the said nephew, and (c) one-third to the said grandniece. There was no reference whatever in the will to the widow's dower interest.

The precise question is whether it plainly appears by the will of William N. Daniels, deceased, that he intended that his widow should have her dower in the lands whereof he was seised of an estate of inheritance at the time of his death in addition to the provisions made for her in his will. We think it does not so appear.

Indeed, there is not the slightest intimation in the will that it was the intention of the testator that his widow should have both.

§ 17-113 O. C. L. A., enacted by the territorial legislature in 1854, provides:

> "If any lands be devised to a woman, or other provision be made for her in the will of her husband, she shall make her election whether she will take the lands so devised or the provisions so made, or whether she will be endowed by the lands of her husband; but she shall not be entitled to both unless it plainly appears by the will to have been so intended by the testator."

The above statute, which was copied from the laws of Michigan (Tit. XIV, Ch. 66, § 18, of the Revised Statutes of Michigan) has never been amended since its original enactment. The language of the statute is so plain and unambiguous that there is no reason to resort to rules of construction. Indeed, we think it is not reasonably susceptible of different constructions. Since the meaning of the act is clear, it remains only to apply the plain, simple language of the act to the will in question for the solution of our problem.

■ That the legislature had the power to regulate, enlarge, or abolish dower is well settled. *Ferry v. Spokane, P. & S. Ry. Co.*, 258 U. S. 314, 66 L. Ed. 635, 42 S. Ct. 358, 20 A. L. R. 1326, 17 Am. Jur., Dower, § 8. Various statutory enactments concerning the regulation or control of a widow's dower rights in the different states are noted in Pomeroy's Equity Jurisprudence (4th ed.) Vol. I, § 494, Vernier's American Family Laws, Vol. III, § 188, 37 Mich. L. Rev. 236, and 68 A. L. R. 509 note. In some states, the legislation on the subject is merely declaratory of the common-

law rule. Other states completely abolish dower. Still other states accept the common-law rule with modifications. In Oregon, the legislature saw fit to enact a statute directly in reverse to the common-law rule. Numerous authorities cited from jurisdictions adhering to the common-law rule are obviously not in point.

■ In Oregon, as in many jurisdictions, the statute makes the acceptance by the widow of the provision made for her by her husband's will a bar to her claim of dower, unless it *"plainly appears"* from the will to have been the intention of the testator that she should have both.

The legal effect of § 17-113, O. C. L. A. is to reverse the common-law rule which presumes that a testamentary provision for the widow is to be in addition to dower, unless a contrary intention clearly appears. As said in *Walters v. Waggener et al.,* 104 Or. 682, 208 P. 753:

> "At common law a widow was presumed to be entitled not only to dower but also to the additional provision made for her in the will of her husband, unless that document expressly declared that its bounty was to be exclusive of dower, or else it appeared by necessary implication in plain terms that such was the intention of the testator. In other words, the widow was *prima facie* entitled to both the testamentary provision and her dower, and the burden rested upon those who would dispute it, to show that the husband had expressly declared otherwise, or necessary implication led to the same conclusion. Section 10,070, Or. L.," (same as § 17-113 O. C. L. A.) "has changed this rule to the effect that 'she (the widow) shall not be entitled to both, unless it plainly appears by the will to have been so intended by the testator.' That is to say, our statute reverses the situation and puts upon the

widow the burden to show that the testator affirmatively intended that she should have both dower and the bounty of her husband's will.''

True, the Walters case involved a different question than the one at bar, but the above section of the statute was under consideration, and the clear statement of the court in reference thereto is instructive.

In *Bristow et al. v. Jennings,* 105 Or. 1, 207 P. 863, the court had occasion to consider the legal effect of § 17-113, O. C. L. A., although the precise question involved therein was not the same as the one which now confronts us. In that case, the court said:

"It does not plainly appear by the will that the testator intended that the defendant should have the devise and provision made for her in the will and also that she should be endowed by the lands of her husband. In that situation the defendant was obliged by the plain directions of the statute to make her election whether she would take the provisions of the will or whether she would be so endowed. She could not take both: Or. L., § 10070.

"The rule established by the statute last cited is contrary to the rule in equity, which prevails in the absence of statute, that every devise or bequest made to the wife is presumed to be intended to be in addition to her dower right, and she is required to elect only in those cases where the testator expressly declares the testamentary gift to be in lieu of dower, or such appears to be his intention from clear, unequivocal language making testamentary provision inconsistent with the claim of dower: Pomeroy's Eq. Juris. (4 ed.), §§ 492-494.''

Appellant relies on *McDermid v. Bourhill,* 101 Or. 305, 199 P. 610, 22 A. L. R. 428, and asserts that this decision definitely settles the question in her favor. This case involved a will wherein the testator, after

providing for the funeral expenses and the administration of his estate, (1) "devised and bequeathed" all of the rest of his personal property to his wife, (2) created a trust with directions to the trustee to hold and manage all of the real property of which testator was seized at the time of his death, and that all of the net income should be paid to his wife "during the time she may live", (3) that upon the death of testator's wife, trustee was directed to sell and dispose of all of the real estate, and that the proceeds were to be distributed in keeping with various bequests made to nephews, nieces, and other collaterals. In the McDermid case the circuit court found:

> " 'That it does not plainly appear by said will to have been the intention of the testator that plaintiff herein should have both the provisions of said will and be endowed with her husband's lands, but on the contrary, it plainly appears that it was not the intention of said testator that she should enjoy both'."

On appeal, this court reversed the decree of the circuit court and held that it plainly appeared from the will that it was the intention of the testator that his widow should take under the will and also to have her dower. Further consideration of this case has convinced us that it was erroneously decided and the decree should have been affirmed. *McDermid v. Bourhill,* supra, must therefore be considered as having been overruled.

If McDermid, the testator, intended that his widow should have dower and also the benefits of his will, why did he create a trust vesting the trustee with the power to manage all of his real property? It is true that his widow received from the trustee all of the net

income from the property. Nevertheless, the creation of the trust deprived the widow of her right of possession and of the use of the property. In § 17-101, O. C. L. A., it is provided that:

"The widow of every deceased person shall be entitled to dower, or the use during her natural life, of one-half part of all the land whereof her husband was seised of an estate of inheritance at any time during the marriage, unless she is lawfully barred thereof."

█ If the widow had the full benefit of her dower, she had the right to manage her property interests and to derive the rents, profits and income therefrom. So long as the trust existed, there could be no admeasurement of dower to the widow. The widow could not be deprived of her dower rights without her consent. Neither could she under the terms of such will keep her dower and accept the testamentary provisions in her favor. She was obliged to elect.

The reasoning of the court in *McDermid v. Bourhill*, supra, cannot be reconciled with the later cases of *Walters v. Waggener*, supra, and *Bristol v. Jennings*, supra, nor with what is said here concerning the effect of § 17-113, O. C. L. A., reversing the common-law rule. The court's decision in *McDermid v. Bourhill*, supra, is based upon common-law principles, whereas the statutory rule controlled.

The editor of the note in 22 A. L. R. 506, in referring to *McDermid v. Bourhill*, said: "This decision is wholly at variance with decisions made in other jurisdictions under similar statutes, which are ordinarily held to create a presumption that the provision of the will is in lieu of dower."

■ Finally, it is urged that *McDermid v. Bourhill,* supra, has established a rule of property that ought not be disturbed. There was no attempt made in the Bourhill case to construe § 17-113, O. C. L. A., and the will in that case is utterly different from this one. It was illogical for the court among other things to say that ''both the common law and the statutory tests have been met'', since the tests are entirely different and in opposition to each other. We think it is important to remove the doubt and uncertainty which has arisen in the practice by reason of the decision in *McDermid v. Bourhill,* supra, and that the rule of property doctrine invoked by appellant is so vague and indefinite as applied to the facts in this case that we should not hesitate to state what we believe to be the true rule and thus clarify this court's position.

The decree is affirmed. Neither party will recover costs or disbursements.

KELLY and BRAND, J. J., did not participate in this decision.