## Sherman   Estate

*Joseph Schutzman*, for administrator.

*Charles J. Spinelli*, for proponent.

RAHAUSER, J., June 9, 1955.—This case comes before the court en banc on appeal from the decree of the register of wills in refusing to admit to probate a certain paper writing dated October 15, 1946.

Francis J. Sherman (also known as Francis J. Schirman and as Frank J. Sherman) died June 25, 1954. At the time of his death he was separated from his wife, Stella J. Sherman. The latter renounced her right to administer the estate in favor of Harry Markovitz who was thereupon duly appointed administrator of the estate.

Decedent's brother, William J. Sherman, subsequently applied to the register for the vacation of the letters of administration and the admission to probate of a certain paper writing dated October 15, 1946. The register refused the application and William J. Sherman thereupon appealed from the decision of the register to this court and duly filed a petition sur appeal. This court then awarded a citation directed to Stella Sherman, surviving spouse of Francis J. Sherman, deceased, and to Harry Markovitz, administrator of the estate of decedent, to show cause why the order of the register of wills should not be set aside and the register of wills ordered to admit to probate the al-

leged testamentary writing dated October 15, 1946. Harry Markovitz, the administrator, then filed an "Answer to Petition sur Appeal in the Nature of Preliminary Objections", wherein he admitted the facts set forth in the petition but denied that the writing referred to therein was a will.

While Stella Sherman filed no preliminary objections or answer to the petition, Joseph Schutzman, Esq., stated in his brief, submitted to the register of wills in this case, that he represented her. In view of the fact that Mr. Schutzman was also attorney of record for Harry Markovitz, administrator of the estate, and filed preliminary objections on his behalf, we have considered this case as if the preliminary objections were also filed by Stella Sherman or joined in by her. It would appear that the administrator as such has no right to contest the probate of a purported will: Knecht's Estate, 341 Pa. 292, 298; Gulden Will, 3 Fid. Reporter 627. However, it is clear that the surviving spouse, whose right to the $10,000 spouse's allowance under section 2(3) of the Intestate Act of 1947 and section 8(6) of the Wills Act of 1947, is involved in this proceeding, is a party in interest, and it further appears that, in effect, she has become an actual party to these proceedings and is entitled to the benefits of the pleadings filed herein.

Upon the filing of the preliminary objections the case was placed on the argument list for argument before the court en banc.

The question for determination is: Is the paper writing dated October 15, 1946, the will of Francis J. Sherman?

The paper in question reads as follows:

"Pittsburgh, Pa.                                    October 15 1946
    332 South Pacific Ave., Zone 24.
"To Whom it may concern:
"I Francis J. Sherman being of sound mind And in

perfect health do hereby make this STATEMENT "IF" by any cause or accident I may meet "DEATH" I want it UNDERSTOOD that I do not want THE WOMAN that I married to receive any benefits of any kind, through my misfortune, her name Mrs. Stella Frances (Kulpa) Sherman. she was the most UN-GREATFUL, person I ever knew, my life with her was a HELL from the beginning until we separated I *only* knew that it all was a failure the few years we lived to-gether.

"This statement is perfect and any ERASURES will make this STATEMENT "VOID.

MY SIGNATURE WILL BE RECOGNIZED.

(s) Francis J. Sherman

In case of accident or death notify Mrs. Mary M. Wilson 332 South Pacific ave. Pittsburgh, Pa. (24)

Or William J. Sherman 1700 West Railroad St Heidel-berg, Loupurex, P. O. Pa.

Or John J. Sherman Washington Pike Bridgeville Pa."

This paper was enclosed in an envelope which bore the following inscription:

"O P E N   O N L Y   I N   C A S E
O F   S E R I O U S   I L L N E S S   O R
D E A T H
Francis J. Sherman
332 South Pacific., Ave
Pittsburgh., (24) Penna."

Appellant contends that decedent used the language of a will in the following respects:

"(1) 'I, Francis J. Sherman being of sound mind.'

"(2) 'If I meet death.'

"(3) 'I do not want [Stella Frances Sherman] to receive any benefit of any kind through my misfortune', (death).

"(4) The writing is signed at the end by the decedent.

"(5) On the same paper but after his signature he sets forth the names and addresses of his two brothers and sisters who, outside of his wife, were his heirs at law at the time of the writing."

Appellant contends that the paper, therefore, answers the classic definition as set down in Coke on Littleton III:

"A Will is the legal declaration of a man's intentions of what he wills to be performed after his death."

With this contention the court does not agree.

Rood, in his Treatise on the Law of Wills, 2nd ed., §46, defines a will as follows:

"A Will or Testament is a lawful voluntary disposition, of property, to a competent donee, by anyone competent, and to take effect upon the death of the testator, unless sooner revoked."

Blackstone defines a will to be:

". . . a legal declaration of a man's intentions which he wills to be performed after his death."

Another definition of a will is set forth in McDermid v. Bourhill, 101 Ore. 305, 22 A. L. R. 428, 432, as follows:

"'A "Will" is an instrument by which a person makes a disposition of his property to take effect after his death. Noble v. Fickes, 230 Ill. 594, 13 L. R. A. (N. S.) 1203, 82 N. E. 951, 12 Ann. Cases 282, citing 1 Jarman, Wills 26; Schouler, Wills, page 1; 1 Redf. Wills (4th ed.) chap. 2, section 2, Paragraph 1; Robinson v. Brewster, 140 Ill. 649, 33 Am. St. Rep. 265, 30 N. E. 683.' 4 Words & Phrases, 2d series, p. 1289."

In the body of the instrument decedent labels the paper as a "statement". Decedent states: "This statement is perfect and any ERASURES will make this STATEMENT "VOID".

There is no disposition of property anywhere in the paper. There is no act to be performed by anyone. The

paper directs no particular thing to be effectuated after his death.

The alleged writing is not a will in that it is not testamentary in character, makes no disposition of any property or estate, gives nothing to anybody, but is purely a negative piece of writing which decedent himself calls a statement, viz.: "This statement is perfect and any ERASURES will make this STATEMENT "VOID".

Nowhere in the writing does decedent use the word "will". Furthermore, upon further examination of the meaning of the words, decedent could have had many purposes in mind. The same could easily be interpreted that decedent wanted this paper to take effect at the very moment he wrote it as explained by the following words: "In case of accident or death notify Mrs. Mary M. Wilson", his sister.

In Rorer's Will, 7 Phila. 524 (1870), a writing was offered for probate in which the only words contained were as follows: "I do not wish any of my brothers . . . to have any of my estate"; this was held by the court not to be a will. The court stated therein that negative words alone were insufficient to constitute a will where none of the property was affirmatively disposed of to someone else. The above case has been cited numerous times in our courts. Justice Allen M. Stearne, in Sciutti's Estate, 371 Pa. 536 (1952), stated:

". . . In the absence of dispositive provisions, mere negative words of exclusion do not constitute the writing thereby a will."

There are no dispositive words in the writing sought to be probated in this case. The register of wills properly refused to admit the purported will to probate.

## Decree

And now, June 9, 1955, it is ordered, adjudged and decreed that the preliminary objections to the petition

sur appeal be sustained and that the appeal from the decree of the register of wills, refusing to admit to probate the paper writing dated October 15, 1946, and signed by Francis J. Sherman, be dismissed at the cost of petitioner and that the decree of the register of wills be affirmed.