Argued September 13, affirmed December 8, 1965

IN THE MATTER OF THE ESTATE OF
VINCENT GRIMES, DECEASED

GRIMES *v.* GRIMES
408 P. 2d 731

*Phil Cass, Jr.,* Eugene, argued the cause for appellant. On the brief were Riddlesbarger, Pederson, Brownhill & Young, Eugene.

*Harold Gillis,* Eugene, argued the cause for respondent. On the brief were Butler, Husk & Gleaves, Eugene.

Before McALLISTER, Chief Justice, and PERRY, GOODWIN, LUSK and SCHWAB, Justices.

GOODWIN, J.

Vincent Grimes willed all his property to his wife and his son. Each beneficiary contends that the other's share should be charged with the testator's debts. The son appeals from a trial court ruling that debts should be paid out of his interest.

The will contained the following testamentary language:

"IV.

"I hereby give and devise unto my wife, Frances Grimes, the use and benefit of that certain property of approximately 210 acres in Linn County, Oregon, located in Township 15 South Range 3 West, Willamette Meridian, until her death or until her re-marriage, whichever event occurs first.

"V.

"I hereby give and bequeath unto my wife, Frances Grimes, any cash in my possession, and all personal property owned by me at the time of my death.

## "VI.

"I hereby give and devise all of the remaining property, including the remainder of the 210 acres in Linn County, Oregon, unto my son, Charles Grimes."

■■ Insofar as possible, the court must allocate the burden of estate debts and administrative expenses according to the testator's revealed intent. A properly drawn will should afford guidance in this task. Where the will is ambiguous or silent with respect to a particular problem, however, courts must look to statutory and case-law presumptions for guidance.

■ On its face, the dispositive language used in Vincent Grimes's will gives no direction regarding the allocation of debts and expenses. The parties to this dispute, however, construe the dispositive language to create residuary gifts. Each argues that the other's gift is residuary. In the absence of other directions concerning the testator's intended plan of abatement in order to pay debts, the debts are to be paid from the residue of the estate if there is one. By definition, the residue of an estate is that property remaining after payment of all debts, administrative expenses, and legacies. See *In re Shepherd's Estate*, 152 Or 15, 36, 41 P2d 444, 49 P2d 448 (1935).

We are cited little authority for characterizing the widow's gift of "all personal property" as a residuary gift, and believe it highly unlikely that Vincent intended to create a residuary gift with that language.

The widow's argument that Vincent's gift to Charles of "all the remaining property" constitutes a residuary gift is more tenable, but not altogether convincing. We need not decide, however, how to characterize the gift to the son, because that gift must

bear the estate debts and expenses in any event by reason of another abatement presumption.

■■ As pointed out in the widow's brief, by the majority rule a legacy or devise in lieu of dower, being in discharge of an obligation, is entitled to a priority over gifts to mere beneficiaries of the testator's bounty. Such gifts must abate, when necessary, in the widow's favor. See *In re Shepherd's Estate,* supra at 33, and cases elsewhere, collected in the Annotation, 2 ALR2d 607, 610 (1948). Dower, so long as other assets remain available, is not subject to the debts of the estate. *Booth v. First National Bank et al.,* 220 Or 534, 539, 349 P2d 840 (1960).

In addition to the foregoing distinction between a dowager and other legatees, there is a further reason for requiring other gifts to abate in favor of the widow's gift in lieu of dower. The rule tends to encourage widows to take under the will and thus to cooperate in estate plans. Without such cooperation, many carefully designed estate plans may be substantially disrupted.

■ Accordingly, we hold that where an intent to create a residuary gift as the only provision for the widow cannot be established, all other gifts must abate in her favor under the general rule that affords gifts in lieu of dower a special preference over other gifts.

Affirmed; neither party to have costs.