Submitted on record and briefs November 16, 1979,
reversed and remanded February 19, 1980

In the Matter of the Estate of
R. Gene Smith, Deceased.
SMITH,
*Appellant,*
*v.*
BENNETT, et al,
*Respondents.*

(No. 6462, CA 14593)

606 P2d 1156

Robert A. Boyer, Medford, filed the briefs for appellant.

[577]

Gene L. Brown, and Brown, Hughes, Bird & Lane, Grants Pass, filed the brief for respondents.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges, and Tongue, Judge Pro Tempore.

BUTTLER, P. J.

## BUTTLER, P. J.

Tonya Lynn Smith appeals from an adverse order of the circuit court interpreting the provisions of the will of R. Gene Smith, deceased, as they relate to a trust established in that will for her benefit.

This proceeding was originated by the personal representative of the decedent's estate seeking instructions from the circuit court pursuant to ORS 114.275[1] as to the interpretation of the following provisions of the will:

### "III

"I give, devise and bequeath unto Cheryl Lynn Smith twenty-five percent (25%) of the inventoried value of my probated estate.

### "IV

"I give, devise and bequeath ten percent (10%) of the remainder of my estate, after deducting the twenty-five percent (25%) devised to [Cheryl Lynn Smith], to the UNITED STATES NATIONAL BANK OF OREGON, in trust, for the care, education and benefit of my daughter, TONYA LYNN SMITH, until she shall have reached the age of twenty-five (25) years, whereupon the remainder shall be distributed to her or to her issue by right of representation. My said trustee shall have the powers hereinafter set forth in paragraph V."

Appellant is the testator's adopted daughter and the natural daughter of Cheryl Lynn Smith, to whom the testator had been married. Respondents are testator's children by a previous marriage. Paragraph V of the will leaves the "rest, residue and remainder" of the testator's estate in trust for respondents.

---

[1] ORS 114.275 provides in part:

"* * * However, a personal representative or any interested person may apply to the court for authority, approval or instructions on any matter concerning the administration, settlement or distribution of the estate, and the court, without hearing or upon such hearing as it may prescribe, shall instruct the personal representative or rule on the matter as may be appropriate."

[579]

The parties disagree as to what was intended in Paragraph IV by the bequest of "ten percent (10%) of the remainder of my estate, after deducting the twenty-five percent (25%) devised to [Cheryl Lynn Smith]." Appellant contends that the trust for her benefit is to receive 10 percent of the inventoried value of the estate after deducting only the 25 percent thereof devised to her mother. Respondents, on the other hand, contend that the trust for appellant is intended to be 10 percent of the residuary estate after deducting not only the bequest to Cheryl Lynn Smith, but also the costs, taxes and administrative charges against the estate.

The trial court found that the bequest in paragraph IV is unambiguous and that it leaves 10 percent of the residuary estate in trust for appellant.

We are required to give effect to the intention of the testator as expressed in his will, ORS 114.227; *Heimbigner et al. v. U. S. Natl. Bank*, 190 Or 592, 227 P2d 827 (1951); *Florey et al. v. Meeker et al.*, 194 Or 257, 240 P2d 1177 (1952); *Heilig v. Daniel et al*, 203 Or 123, 275 P2d 854, 278 P2d 988 (1955); *Taylor v. Sims*, 24 Or App 207, 544 P2d 1063, *rev den* (1976), giving effect, if possible, to all words, clauses and provisions of the will. *Hale v. Cooke*, 142 Or 23, 18 P2d 808 (1933); *Unander v. U. S.. Nat'l Bank et al*, 224 Or 144, 355 P2d 729 (1960). The controversy here revolves primarily around the meaning of the phrase, "remainder of my estate" as used in paragraph IV.

Respondents contend that remainder means "residue." Residue was defined in *Grimes v. Grimes*, 242 Or 158, 160, 408 P2d 731 (1965), as "that property remaining after payment of all debts, administrative expenses and legacies." The term "remainder," however, has broader usage and its meaning depends upon how it is used. It is, in fact, used here a second time in the disputed paragraph of the will (IV) to refer to that portion of the trust corpus which is to be distributed to appellant at the time she reaches age 25. It is clear that the word's use in this context means the balance

of the trust corpus remaining at that time. It cannot be said, therefore, that whenever the term remainder is used in a will it necessarily refers to the residue of the estate as that term is defined in *Grimes.*

Because we conclude that the term "remainder" used in a will has no one established meaning, we must look to the entire instrument to determine the intent of the testator. *See In re Jenkins' Estate, supra; Dean et al v. First Nat'l Bank et al,* 217 Or 340, 341 P2d 512 (1959). In doing so, it is appropriate to note that the testator was an attorney, *In re Jenkins' Estate, supra,* and that in creating the trust for the benefit of respondents he used the traditional phrase "rest, residue and remainder of my property * * *," which generally has been held to be a residuary disposition of the testator's estate. *In re Shepherd's Estate,* 152 Or 15, 41 P2d 444, 49 P2d 448 (1935). He did not use that phrase in creating the trust for the benefit of appellant.

The fact that the testator made special provision for his former wife and appellant separate and distinct from what is conceded to be a residuary clause (paragraph V) is a strong indication that the testator intended both bequests be paid before the residue of the estate was determined. This intention becomes even more clear when the entire phrase "10% of the remainder of my estate, after deducting *the* 25% devised to" appellant's mother is considered in conjunction with paragraph III, making the devise referred to. The word "remainder" as so used refers to what remains of the inventoried value of the probate estate after deducting the amount disposed of in paragraph III.

Stated inversely, paragraph V admittedly is a residuary clause. In *Stubbs v. Abel et al.,* 114 Or 610, 626, 233 P 852, 236 P 505 (1925), the court stated:

"* * * A 'residuary legacy' is a 'bequest' by will, of all of the testator's personal estate not otherwise effectually disposed of by that document. * * *"

Here, the will "effectually disposed of" portions of his estate by the provisions of paragraphs III and IV, and paragraph V disposed of the residue.

Giving effect to all of the words, clauses and provisions of the will we conclude[2] that the testator intended by paragraph IV to bequeath to the trustee 10 percent of the inventoried value of the estate after deducting the 25 percent thereof bequeathed to appellant's mother by paragraph III. The residue of the estate is disposed of by paragraph V.

Accordingly, the order of the circuit court is reversed, and the proceeding is remanded with instructions to enter an order consistent with this opinion.

---

[2] Appellant offered testimony of her mother as to testator's statements regarding his intent. That evidence was excluded by the trial court. We need not consider whether that evidence is admissible because we find that the testator's intent is ascertainable from the four corners of the will.