Argued and submitted April 25, affirmed June 9, 1980

# SARVELA,
*Respondent,*
*v.*
# McCOY,
*Appellant.*

## (No. E78-1214, CA 15269)

612 P2d 314

David Morrison, Oregon Legal Services Corporation, Roseburg, argued the cause for appellant. With him on the brief was Ken Pallack, Oregon Legal Services Corporation, Roseburg.

Robert H. Anderson, Roseburg, argued the cause for respondent. With him on the brief was Anderson, Cegavske & Seitz, Roseburg.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

RICHARDSON, P.J.

**RICHARDSON, P.J.**

Defendant appeals from a decree of the probate court terminating her conditional life estate in certain real and personal property for failure to meet a residence requirement. The life estate was given to defendant by the will of Neal F. McCoy (testator). The court declared the property to be owned solely by plaintiff, the remainderman. We review *de novo,* ORS 19.125 (3); 111.105(1).

The salient facts are as follows:

Defendant Mary McCoy, who is described as testator's friend, business partner and housemate, was 53 years old when he died in 1967. She and testator resided together on the real property for approximately eight years prior to his death. Testator's daughter, the plaintiff herein, resides on adjoining property.

Testator devised the property to defendant for life, with a limitation over to plaintiff. Paragraph IV of testator's will provides:

"I give, bequeath and devise * * * [the subject property] to my friend, MARY McCOY, during her life, provided that she shall not sell, encumber or otherwise dispose of said property, or any part thereof; *provided that in the event MARY McCOY* shall fail to pay any taxes assessed against any of said property for any year, or *shall fail to reside on the real property hereby devised for a period of six months in any one year, unless she shall be prevented from doing so by illness, then* in either of said events, all of the residue of *my estate shall immediately become the property of my daughter,* EVELYN McCOY SARVELA, or her issue, in equal share." (Emphasis supplied.)

Defendant resided on the property for eight years following testator's death. During that time she required major surgery on three occasions, twice in 1970 and again in 1972. She suffered a heart attack while recuperating from the second operation and has also developed severe arthritis. She receives supplemental

security income for the disabled (SSI) for her arthritic disability.

Defendant's deteriorated physical condition precluded her from engaging in any strenuous activity. She was therefore unable to either keep up the property or to support herself through physical labor as she had done during her working life. Defendant decided to obtain a college degree in the hope that it would render her employable. She attended Umpqua Community College for two years while continuing to live on the property and then moved to Corvallis in 1975 to attend Oregon State University (OSU). Defendant received her Bachelor's degree in 1977 but concluded that, in light of her age and disabilities, she was still unemployable. She determined that she could teach senior citizens in an adult education program if she held a master's degree and consequently enrolled in a master's program at OSU. Defendant has shared an apartment with her son since moving to Corvallis and has been able to support herself by educational grants and student loans in addition to her SSI income.

Defendant has not lived on the property since she moved to Corvallis. She testified that she visits the property about every three months on school vacations but admits she has failed to meet the six month residency requirement. However, she contends that she was prevented from living on the property "by illness" within the meaning of paragraph four of testator's will, and therefore that her life estate does not terminate.

We must give effect to the testator's intent as expressed in his will, construing the language of the instrument according to its natural meaning. *Heilig v. Daniel et al,* 203 Or 123, 128, 275 P2d 854, 278 P2d 988 (1954); *Heimbigner et al. v. U.S. Natl. Bank,* 190 Or 592, 596, 227 P2d 827 (1951); *Smith v. Bennett,* 44 Or App 577, 580, 606 P2d 1156 (1980). Paragraph four of the will clearly demonstrates testator's intent to provide defendant with an abode during her lifetime,

provided she resides there at least six months per year and pays the taxes. It also demonstrates his intent that his daughter succeed to the property if defendant ceased to utilize it in accordance with the will.

Defendant argues that her physical disabilities, which depleted her savings and prevent her from engaging in physical labor, caused her to leave the property to get an education so that she could support herself. The will states that defendant must reside on the property unless "prevented from doing so by illness." Although defendant's goals are laudable, we conclude that her disabilities did not *prevent* her from residing on the property. She was aware of the conditional nature of her life estate. We agree with the trial court's statement that defendant "had a choice to make and her actions manifest that choice." Defendant's choice was difficult but, having elected to leave the property in order to better herself economically, she cannot say illness prevented her from living on the property. Living on the property for more than six months per year was detrimental to defendant's economics, not her health. Testator directed that his daughter receive the property when defendant discontinued residing on it.

Affirmed.